IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACK RUSSELL BRISTOL | CRIMINAL ACTION<br>NO. 18-00375 |

**PAPPERT, J.**                                                                     July 13, 2021

## MEMORANDUM

Jack Russell Bristol seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court denies the Motion because extraordinary and compelling reasons do not warrant his release and, in any event, the factors under 18 U.S.C. § 3553(a) counsel against granting relief.

I

A

On August 30, 2018, Bristol was charged with two counts of using an interstate commerce facility to entice a minor to engage in illicit sexual conduct and one count of attempted foreign travel to engage in illicit sexual activity with a minor. (Indictment 1–3, ECF 24.) He pleaded guilty to all charges pursuant to a written guilty plea agreement. *See generally* (Plea Agreement, ECF 37).

For approximately a year and a half, Bristol used the internet to pay dozens of adults in the Philippines more than $17,600 across more than 300 transactions to sexually abuse minors on live stream webcam, produce sexually explicit live chat sessions with minors and provide pornographic images of minors. *See* (Gov't Plea Mem. 4–5, 7–8, ECF 34); (Gov't Resp. to Mot. for Release 1–3, ECF 79). He received videos or photos of at least one eight year old, engaged in at least fifty sexually explicit video chat

1

sessions with two sisters ages thirteen and fourteen and generally sought out girls between the ages of twelve and fourteen because he believed after fourteen girls "know too much." (Gov't Plea Mem. 5, 7); (Gov't Resp. to Mot. for Release 3–4) ; (Gov't Sentencing Mem. 5, 17, ECF 50.)  While he was engaged in these activities, Bristol told an undercover agent via Skype that he wanted to travel to the Philippines to have sex with some of the minors he met online.  (Gov't Plea Mem. 5); (Gov't Resp. to Mot. for Release 2.)  He then acquired a U.S. passport, booked a Philippines trip and attempted to board a flight, but law enforcement arrested him after he entered the jetway to the airplane.  (Gov't Plea Mem. 6–7); (Gov't Resp. to Mot. for Release 3.)  While subsequently executing a search warrant, officers confiscated condoms, lubricant, thirty-six pills of erectile dysfunction medication and candy from the suitcase Bristol packed for his trip.  (Gov't Resp. to Mot. for Release 3.)

B

On September 5, 2019, the Court sentenced Bristol to 360 months imprisonment.  (Judgment 2, ECF 53); (Gov't Sentencing Mem. 15); (Gov't Resp. to Mot. for Release 5.)  Counting accrued good time credit, he has thus far served approximately forty-seven months of his sentence.  *See* (Gov't Resp. to Mot. for Release 6.)  He has incurred one disciplinary infraction during this time for which he was sanctioned.  (*Id.* at 5.)  His current anticipated release date is August 28, 2043.  (*Id.*)

C

Amid the COVID-19 pandemic, Bristol petitioned the warden at FCI Cumberland for compassionate release.  (Mot. for Release 1, ECF 73); (Gov't Resp. to

Mot. for Release 6.) The warden denied his request. (Mot. for Release 1, 9); (Gov't Resp. to Mot. for Release 6.)

Bristol now moves *pro se* for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See generally* (Mot. for Release).[1] He argues extraordinary and compelling reasons exist for his release because he is sixty-four years old and has high cholesterol as well as a history of chewing tobacco "for over 50 years." (*Id.* at 1–2, 6.) He contracted COVID-19 in prison and believes he is at elevated risk of reinfection if he remains incarcerated. (*Id.* at 2–4, 6.) He also contends the 18 U.S.C. § 3553(a) factors support his release. (*Id.* at 4–7.) He says he has made efforts toward rehabilitation by maintaining employment and engaging in programming prior the pandemic. (*Id.* at 4–5, 13–14.) He further claims "[o]lder offenders [are] substantially less likely than younger offenders to recidivate." (*Id.* at 5–6.)

i

The Government provided Bristol's medical records to the Court and they confirm he suffers from hyperlipidemia and that he contracted COVID-19 in January of 2021. *See* (Gov't Ex. A 1–2, 5–8, 23 ECF 81); (Gov't Ex. A-1 3, 10, 13–16, 38–40, 45 ECF 81-1). They also show he refused the Moderna COVID-19 vaccine on March 2, 2021. (*Id.* at 46, 59.) Bristol reported having a cough and on and off headaches while he had COVID-19, (Gov't Ex. A-1 5), though he appears to have had daily screenings for approximately ten days after he tested positive for the virus which do not document those symptoms. *See* (*id.* at 21–34 (consistently reporting Bristol had no cough, shortness of breath, fatigue, body aches, sore throat, diarrhea, headache, nausea or

---

[1] The Federal Community Defender declined to seek compassionate release on Bristol's behalf. (Order Referring Mot. for Release, ECF 75); (Letter Declining to Seek Release, ECF 78.)

vomiting)). The screenings show Bristol experienced loss of taste or smell on just one day. (*Id.*)

None of the records provided to the Court mention Bristol's former tobacco use, but the Government represents records from 2019 confirm he is a former chew tobacco user. (Gov't Resp. to Mot. for Release 8.) The Government further represents "there is no indication in all of Bristol's medical record[s] that he suffers from any medical issue that could be associated with his tobacco use or nicotine. Indeed, the medical records demonstrate that Bristol's pulmonary function is normal, even after having contracted the COVID-19 virus." (*Id.*) Bristol has not contested these representations.

II

A

A district court may reduce an inmate's sentence as a form of compassionate release only if it finds that (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the sentencing factors set forth in § 3553(a), to the extent they are applicable, warrant a reduction ; and (3) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Relevant § 3553(a) factors a court must consider include the "nature and circumstances of the offense," and the "need for the sentence imposed—to reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A), (C). The applicable Sentencing Commission policy statement requires a court to determine a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g)" prior to release. U.S.S.G. § 1B1.13.

B

Bristol has not presented extraordinary and compelling reasons for his release. Hyperlipidemia is not a COVID-19 risk factor. *See generally* Coronavirus Disease 2019, *People with Certain Medical Conditions*, Center for Disease Control and Prevention, https://www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 12, 2021); *see also United States v. Gonzalez*, No. 02-446-01, 2021 WL 1088258, at *4 (E.D. Pa. Mar. 22, 2021) (concluding hyperlipidemia does not "constitute[] an extraordinary and compelling reason warranting compassionate release"); *United States v. Moldover*, No. 14-637, 2020 WL 6731111, at *10 (E.D. Pa. Nov. 13, 2020) (same). The CDC has said a history of cigarette smoking could increase a person's risk of severe illness from COVID-19, but it has not said the same about a history of chewing tobacco. In any event, Bristol does not present with any health issues associated with his tobacco use. *See United States v. Ramsey*, No 2:14-cr-00296, 2021 WL 534470, at *5 (E.D. Pa. Feb. 12, 2021) (finding no extraordinary and compelling reasons to grant compassionate release for defendant with history of tobacco use and hypertension where there was "no evidence of any secondary conditions caused by [defendant's] history as a smoker"); *cf. United States v. Hoopes*, No. 16-509-2, 2020 WL 6889211, at *4 (E.D. Pa. Nov. 24, 2020) (denying compassionate release for seventy-three-year-old obese former smoker).

Advanced age can also be a COVID-19 risk factor, but Bristol recovered from the virus at this same age without experiencing serious symptoms or any lingering effects. *See generally* (Gov't Ex. A); (Gov't Ex. A-1). Moreover, "just because [Bristol] was already somewhat advanced in age at the time of his arrest does not discount this

Court's need to ensure justice for his wrongdoings." *United States v. Georgiou*, No. 09-088, 2021 WL 1122630, at *7 (E.D. Pa. Mar. 23, 2021) (citing *United States v. Haney*, 454 F. Supp. 3d 316, 323 (S.D.N.Y. 2020) ("If [the sixty-one-year-old defendant's] age alone [was] a sufficient factor to grant compassionate release in these instances, it follows that every federal inmate in the country above the age of 60 should be forthwith released from detention, a result that does not remotely comply with the limited scope of compassionate release[.]")).

C

Even if extraordinary and compelling reasons did exist for Bristol's release, his release is unwarranted based on the § 3553(a) factors. *See Pawlowski*, 967 F.3d at 331 (affirming denial of compassionate release for at-risk inmate because "the § 3553(a) factors weigh[ed]" against release). Bristol preyed on young girls and caused them to engage in hundreds of sexual acts over the course of only a year and a half. He specifically targeted girls under fourteen because he felt minors above that age "knew too much." He attempted international travel to meet and have sex with these girls in person, and may well have succeeded in this plan had he not been intercepted by law enforcement before boarding the plane to the Philippines. According to the Government, after Bristol was arrested for these offenses he admitted he had traveled to the Philippines for the same purpose in the past. *See* (Gov't Mot. for Release 31.)

Bristol's repeated depraved actions aimed at a particularly vulnerable segment of the population, and his willingness to further those actions by subjecting girls to in-person abuse, show he has no regard for public safety and presents a clear danger to the community. *See* 18 U.S.C. § 3142(g), § 3553(a)(2)(C). While Bristol wants the Court

to believe his age would stop him from repeating his actions in the future, age is evidently no impediment to his criminal activity because he engaged in the offenses for which he was imprisoned after he turned sixty.

Bristol has served a mere thirteen percent of his sentence, and releasing him now would fail to promote respect for the law. *Id.* at § 3553(a)(2)(A). His release would also flout the nature, circumstances and seriousness of his offenses and fail to provide just punishment for them. *Id.*; *see also United States v. Perri*, No. 15-486, 2020 WL 6324384, at *3 (E.D. Pa. Oct. 28, 2020) (denying compassionate release for 62-year old defendant who served fifty-two months of 120-month sentence for "significant child pornography crimes" and concluding reducing defendant's sentence to time served "would not reflect the nature and circumstances of the offenses, nor the need to reflect the seriousness of the offense, to deter criminal conduct, and to protect the public from further crimes of the defendant"); *United States v. Ackerman*, No. 11-740-KSM-1, 2020 WL 5017618, at *1, 8–10 (E.D. Pa. Aug. 25, 2020) (finding 3553(a) factors did not support relief for fifty-nine-year-old who had served half of his sentence for "deeply disturbing," "horrifying" and "abhorrent" conduct including possessing and trading child pornography, performing sexual acts for minors via webcam and attempting an in-person meeting with a minor he encountered online).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
